[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Nov. 24, 2009
THOMAS K. KAHN
CLERK

No. 09-11468
Non-Argument Calendar

_____

Agency No. A072-811-311


CLARIBEL ALTAMIRANO-TORRES,

                                                                    Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                    Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(November 24, 2009)

Before TJOFLAT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

On June 28, 2000, Claribel Altamirano Torres, the petitioner, was admitted

into the United States as a lawful permanent resident. On November 7, 2003, she was convicted in the Circuit Court of Dade County, Florida, on a plea of guilty to grand theft in the third degree, in violation of Fla. Stat. § 812.014(2)(c), and was sentenced to probation for one year. On March 3, 2003, following a trip to Nicaragua, she applied for readmission at the Miami International Airport as a returning lawful permanent resident of the United States, and was paroled into this country pursuant to 8 U.S.C. § 1 182(d)(5). A.R. 232 Pet. Br. 8. On May 20, 2005, the Department of Homeland Security ("DHS") served her with a Notice to Appear, charging her with inadmissibility under 8 U.S.C. § 11 82(a)(2)(A)(i)(I), as an alien who has been convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of a crime involving moral turpitude.

Torres appeared with counsel before an Immigration Judge ("IJ") in Miami on May 10, 2006, admitted the factual allegations of the Notice to Appear, and conceded inadmissibility as charged. She indicated, through counsel, that she would seek a waiver of her inadmissibility under 8 U.S.C. § 1182(h), or relief from removal in the form of asylum, withholding of removal, or protection under the U.N. Convention Against Torture.

On May 22, 2007 the IJ found Torres inadmissible as charged based on her admissions and concession, as well as on the record of conviction. The IJ further found that she was ineligible for a waiver under 8 U.S.C. § 1182(h) because she had not resided in the United States continuously for seven years prior to the issuance of the Notice to Appear. The IJ denied her application for asylum because she failed to establish that she had been persecuted in the past, or that she had a well-founded fear of future persecution. Because Torres failed to establish eligibility for asylum, the IJ held that she also failed to meet the higher burden of establishing eligibility for withholding of removal or to demonstrate that it was more likely than not that she would be tortured by or with the acquiescence of Nicaraguan officials upon her return. The IJ therefore denied all forms of relief and ordered Torres removed to Nicaragua.

Torres appealed the IJ's decision to the Board of Immigration Appeals ("BIA") on June 20. 2007, arguing that the IJ erred in denying her relief and asserting that she was eligible for cancellation of removal. In lieu of a brief, she moved the BIA to terminate proceedings, claiming that the circuit court had vacated her conviction and, thus, that she no longer had a conviction for immigration purposes.

On November 21, 2008, the BIA denied her motion to terminate and

dismissed her appeal. She did not seek review of its decision in this court; instead, on January 6, 2009, she moved the BIA to reopen, arguing that, based on the documents accompanying her motion, her conviction was vacated due to a procedural defect in her guilty plea and should be afforded full faith and credit. The BIA denied her motion to reopen, concluding that the documents she had provided failed to show that her conviction had been vacated due to a procedural defect. And, because she had not presented any new material evidence regarding country conditions, she failed to demonstrate prima facie eligibility for asylum. Petitioner now seeks review of the BIA's denial of her motion to reopen her removal proceedings. Finding our decision in Mohammed Salim Au v. United States Att'y Gen., 443 F.3d 804, 808 (11th Cir. 2006) (per curiam), dispositive for each of her claims of which we have jurisdiction, we deny Torres's petition.

As an initial matter, we note that Torres has a Florida conviction for grand theft, a crime involving moral turpitude, which would ordinarily preclude us from reviewing her petition under INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C). Because she is raising a constitutional issue of due process and a full faith and credit question of law, we are not precluded from hearing her case. 8 U.S.C. § 1252(a)(2)(D); see also Ali, 443 F.3d at 809. However, because she did not timely petition for review from the BIA's original removal order, we are

4

jurisdictionally barred from hearing her arguments concerning that order, and to that extent we dismiss her petition for review.

I.

We review the B IA's denial of a motion to reopen for abuse of discretion. Ali, 443 F.3d at 808. That is, our review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner. Id. The moving party bears a heavy burden as motions to reopen are disfavored, especially in removal proceedings. Id. at 808, 813. A motion to reopen removal proceedings "shall state the new facts that will be proved at a hearing to be held if the motion is granted. and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7); , Ali, 443 F.3d at 808. "A motion to reopen proceedings shall not be granted unless it appears to the [BIAJ that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing. . . ." 8 C.F.R. § 1003.2(c)(1); Ali, 443 F.3d at 808.

Torres maintains that, in entertaining her motion to reopen, the BIA improperly placed the burden on her to demonstrate that the Circuit Court of Dade County vacated her grand theft conviction for a procedural or substantive defect. The BIA therefore denied her due process of law. We disagree. As the moving party, Torres bore the burden of convincing the BIA that her motion should be

5

granted. Hence, requiring her to show that the circuit court vacated her conviction for a procedural or substantive defect did not deny her due process.

II.

Torres also argues that the BIA erred in denying her motion to reopen by not affording full faith and credit to the circuit court's order vacating her conviction.

Section 1101(a)(48)(A) of Title 8 of the United States Code states that:

> The term 'conviction" means, with respect to an alien, a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where (i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nob contendere or has admitted sufficient facts to warrant a finding of guilt, and (ii) the judge has ordered some form of punishment. penalty, or restraint on the alien's liberty to be imposed.

8 U.S.C. § ll01(a)(48)(A).

Whether a conviction remains a conviction for purposes of the INA depends upon the reason the conviction was vacated. If a court vacates the conviction for a procedural or substantive defect in the underlying criminal proceedings, the respondent no longer has a conviction for immigration purposes; however, if a court vacates the conviction for reasons unrelated to the merits, such as rehabilitation or immigration purposes, then the conviction remains intact for

6

immigration purposes.  <u>Matter of Pickering</u>, 23 I.&N. Dec. 621, 624 (BIA 2003) <u>cited with approval</u> in <u>Ali</u>, 443 F.3d at 810.

Torres's conviction for grand theft is a conviction for immigration purposes. Torres failed to establish that the circuit court vacated her conviction for a procedural or substantive defect.  The BIA therefore did not violate the Full Faith and Credit Clause in denying her motion to reopen.

PETITION DISMISSED, in part; DENIED, in part.